IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


GENARRO D. SHUMPERT                                             PETITIONER

VS.                                               CIVIL ACTION NO. 1:09CV158-SA-JAD

STATE OF MISSISSIPPI, et al.                                   RESPONDENTS


REPORT AND RECOMMENDATION

The respondents have moved to dismiss the petition for habeas corpus (Doc. 12) in this action asserting that it was untimely filed pursuant to 28 U.S.C. § 2244(d). That statute provides a one year period of limitations for application for writ of habeas corpus "by a person in custody pursuant to the judgment of a State court." And in Shumpert's case, as is the norm, his period of limitations began to run "on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(A). The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this statute.

Shumpert pled guilty to multiple charges in the Circuit Court of Lee County, Mississippi. He was sentenced on August 5, 2005, to serve 285 years in the custody of the Mississippi Department of Corrections. Shumpert's judgment therefore became final on September 5, 2005, 30 days after his sentencing and his one-year period of limitations commenced running. On July 18, 2006, Shumpert signed a motion for postconviction relief which was stamped filed by the circuit court on August 30, 2006. Giving Shumpert credit from the date the postconviction relief was

signed, 316 days of his federal period of limitations had expired prior to the filing of state motion for postconviction relief.

On December 15, 2006, the trial court denied Shumpert's motion. Shumpert appealed the denial of postconviction relief and on April 1, 2008 the Mississippi Court of Appeals affirmed the lower court's decision. Shumpert filed two motions for additional time to file a petition for rehearing. The final order allowed him until June 20, 2008 to file for the rehearing. Shumpert did not file the petition for rehearing. Therefore the federal statute of limitations commenced to run again on June 21, 2008. Shumpert had an additional 39 days in which to file with the federal courts. Shumpert however delayed more than a year thereafter. His petition was not signed until June 24, 2009 and was filed on June 25, 2009. The petition was untimely. Shumpert has made no showing of any rare or exceptional circumstances that warrant equitable tolling.

The undersigned recommends that the petition for habeas corpus be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date.

Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

    This the 18th day of November, 2009.

                                      /s/ JERRY A. DAVIS
                                      UNITED STATES MAGISTRATE JUDGE